UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:09-cr-166 |
| | : | |
| v. | : | (Judge Mehalchick) |
| | : | |
| **ROSS SCARANTINO,** | : | |
| Defendant | : | Electronically filed |

# UNITED STATES' BRIEF IN OPPOSITION TO PETITION FOR AUDITA QUERELA RELIEF

BRIAN D. MILLER
United States Attorney

Jeffery St John
Assistant U.S. Attorney
235 North Washington Ave.
Scranton, PA  18503
Tel:  (570) 348-2800
jeffery.st.john@usdoj.gov

January 21, 2026

# **TABLE OF CONTENTS**

INTRODUCTION ................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ................................. 3

QUESTIONS PRESENTED .................................................................. 5

ARGUMENT .......................................................................................... 6

    I.    The writ of audita querela is not available to Scarantino because other means exist to challenge his conviction. ......... 6

    II.   Scarantino is not eligible for coram nobis relief because he cannot show both that sound reasons existed for his failure to seek relief earlier and that he had no remedy to redress his instant claim at the time he pleaded guilty. .................... 9

CONCLUSION .................................................................................... 15

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Carlisle v. United States,*
  517 U.S. 416 (1996) ................................................................................................ 9

*Cradle v. United States ex rel. Miner,*
  290 F.3d 536 (3d Cir. 2002) .............................................................................. 7, 13

*Massey v. United States,*
  581 F.3d 172 (3d Cir. 2009) .............................................................................. 6, 14

*Ragbir v. United States,*
  950 F.3d 54 (3d Cir. 2020) ...................................................................... 7, 9, 10, 11

*Rehaif v. United States,*
  588 U.S. 225 (2019) .............................................................................................. 11

*Snyder v. United States,*
  603 U.S. 1 (2024) .............................................................................................. 1, 11

*United States v. Ayala,*
  894 F.2d 425 (D.C. Cir. 1990) ............................................................................... 6

*United States v. Beldini,*
  443 F. App'x 709 (3d Cir. 2011) .......................................................................... 11

*United States v. De Castro,*
  49 F.4th 836 (3d Cir. 2022) .................................................................. 9, 10, 12, 13

*United States v. Denedo,*
  556 U.S. 904 (2009) ................................................................................................ 9

*United States v. Georgiou,*
  800 F. App'x 136 (3d Cir. 2020) ........................................................................... 6

*United States v. Potts,*
  765 F. App'x 638 (3d Cir. 2019) ........................................................................... 6

**Statutes**

18 U.S.C. § 666(a)(1)(B) ........................................................................................ 1, 3

28 U.S.C. § 2255 ........................................................................................................ 4

## INTRODUCTION

In his post-conviction petition, Defendant-Petitioner Ross Scarantino seeks to vacate his over 15-year-old federal fraud conviction through a vehicle (the common law writ of error audita querela) that is so uncommon that the Third Circuit has yet to uphold its application.

Scarantino argues that, in the wake of the Supreme Court's decision in *Snyder v. United States*, 603 U.S. 1 (2024), it is now clear that his conduct in accepting private money payment (or "gratuity") for his official actions as a local school superintendent does not fall within the definition of the crime for which he was convicted. However, even assuming that the conduct supporting Scarantino's conviction was, in fact, limited to that which the Supreme Court held in *Snyder* is not criminalized under 18 U.S.C. § 666(a)(1)(B), Scarantino is still not entitled to the extraordinary remedy that he seeks.

The writ of audita querela is not available to Scarantino, since other judicial means exist for Scarantino to challenge his conviction, specifically, the similar, common law writ of coram nobis, which the Third Circuit has recognized. However, because Scarantino could have pursued his instant claim years ago and failed to do so, Scarantino is

1

also not entitled to coram nobis relief, per the multi-part test employed by the Third Circuit.

For these reasons, the Court should deny Scarantino's petition.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2008, while serving as the superintendent of schools for the Pittston Area School District, Scarantino received a $5,000.00 cash payment from the owner of Intellacom, a local computer/IT company.  PSR ¶¶ 4-5.  The owner of Intellacom (Anthony Trombetta) gave this money to Scarantino for Scarantino's assistance in securing business contracts awarded to Intellacom by the school district.  *Id.*

When interviewed by the FBI, Scarantino initially denied having received anything of value from Trombetta, but Scarantino eventually admitted that he received the $5,000.00 cash payment.  *Id.*  ¶ 6.  Scarantino also acknowledged that the gift of this money followed his recommendation to the school board that it award the contract for certain security systems work to a general contractor who Scarantino knew would then employ Trombetta's business as a subcontractor to install the security cameras.  *Id.*

In May 2009, Scarantino waived indictment and pleaded guilty to a one-count criminal information charging him with corruptly receiving a reward for an official action (concerning a program receiving federal funds), in violation of 18 U.S.C. § 666(a)(1)(B).  Doc. 12; Doc. 17.  In

3

October 2009, the Honorable Thomas I. Vanaskie sentenced Scarantino to 13 months' imprisonment, a two-year term of supervised release, and a $15,000 fine. Doc. 31. Scarantino did not appeal his conviction or sentence. Nor did Scarantino seek to vacate his judgment through a federal habeas petition pursuant to 28 U.S.C. § 2255.

In December 2025, Scarantino filed the instant petition for a writ of audita querela. Doc. 41. As noted, Scarantino contends, relying on *Snyder*, that his conduct was not a crime. Scarantino further maintains that he continues to suffer collateral consequences from his conviction and therefore seeks to have the conviction vacated.

4

## QUESTIONS PRESENTED

Whether the writ of audita querela is not available to Scarantino because other judicial means exist to challenge his conviction, specifically, the writ of coram nobis.

Whether Scarantino has failed to satisfy the multi-part test that the Third Circuit has applied in considering coram nobis relief in comparable cases.

## ARGUMENT

### I. The writ of audita querela is not available to Scarantino because other means exist to challenge his conviction.

At common law, the writ of audita querela "permitted a defendant to obtain relief against a judgment . . . because of [a] defense or discharge arising subsequent to the rendition of the judgment." *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam) (quoting *United States v. Ayala*, 894 F.2d 425, 427 (D.C. Cir. 1990)) (cleaned up).

The Third Circuit has consistently characterized the writ of audita querela as an "extraordinary remedy," *see, e.g. United States v. Potts*, 765 F. App'x 638, 640 (3d Cir. 2019) (not precedential), and one that is only "available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief." *Massey*, 581 F.3d at 174. Indeed, in 2019, a panel of the court noted that it "ha[d] yet to find a gap in the federal post-conviction framework needed to be filled with a writ of audita querela." *Potts*, 765 F. App'x at 640. Moreover, such a gap—if ever one is identified—must be "systemic" in nature and "not merely reflect a defendant's inability to use available remedies." *United States v. Georgiou*, 800 F. App'x 136, 139 (3d Cir. 2020) (not

6

precedential) (citing *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002)).

Here, Scarantino has failed to identify any gap in the post-conviction relief framework capable of justifying judicial application of the writ of audita querela.  It is true, as Scarantino argues, that the much more commonplace § 2255 and § 2241 federal habeas petitions are unavailable to him, because he is no longer in custody in connection with the conviction that he seeks to vacate.  However, it is also true that Scarantino could have raised the claim that he now advances 15-plus years later in this petition during both his original prosecution (had he elected to contest his case rather than waive indictment and plead guilty to an information) and on direct appeal.  And even as presently situated, Scarantino could seek redress through a writ of coram nobis, another common law writ that, unlike § 2255 and § 2241 petitions, *is* available to litigants like Scarantino who are no longer detained but who claim that they are nonetheless suffering collateral consequences from an allegedly invalid conviction. *See Ragbir v. United States*, 950 F.3d 54, 61-62 (3d Cir. 2020) (recognizing coram nobis as a "collateral remedy" to correct "fundamental errors, whether *factual or*

7

*legal*" and as the "means to challenge a federal conviction where a party who is no longer in custody for purposes of § 2255 faces continuing consequences as a result of being convicted.") (emphasis added).  The Third Circuit has considered coram nobis relief with greater frequency and at greater depth than audita querela relief, and its availability to Scarantino (to advance the claim of legal error that he now advances) ultimately renders the comparable and less recognized writ of audita querela unavailable to him.  *See* Scarantino Petition at 12 (acknowledging that "[t]o successfully assert a petition for writ of audita querela, the petitioner must raise [a legal objection] that is *not redressable by other means*") (emphasis added).

     However, as will be shown below, although Scarantino's petition could be recast as a petition for a writ of coram nobis, Scarantino would still not be entitled to the relief that he seeks, because Scarantino cannot satisfy the multi-part test that the Third Circuit has applied in considering coram nobis relief in comparable cases.

**II.    Scarantino is not eligible for coram nobis relief because he cannot show both that sound reasons existed for his failure to seek relief earlier and that he had no remedy to redress his instant claim at the time he pleaded guilty.**

Like the writ of error audita querela, "[a] writ of error coram nobis is an 'extraordinary remedy' that may only be issued in the most limited of circumstances." *United States v. De Castro*, 49 F.4th 836, 842 (3d Cir. 2022) (quoting *United States v. Denedo*, 556 U.S. 904, 911 (2009)). "The standard for obtaining coram nobis is more stringent than that applicable on direct appeal or in habeas corpus in recognition of judicial interests in finality and efficiency." *Ragbir*, 950 F.3d at 62 (cleaned up). Indeed, the Supreme Court has remarked that "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary and appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (cleaned up).

The Third Circuit has synthesized the availability of coram nobis relief into a five-part test, which reflects the incredibly limited nature of the remedy; the petitioner must: "(1) [be] no longer in custody; (2) suffer continuing consequences from [a] purportedly invalid conviction; (3) provide sound reasons for failing to seek relief earlier; (4) [have] had no

9

available remedy at the time of trial [or guilty plea]; and (5) asser[t] error(s) of a fundamental kind." *Ragbir*, 950 F.3d at 62. Moreover, "a petition must be denied *if even one element is not satisfied*." *De Castro*, 49 F.4th at 842 (emphasis added).

Here, as noted, Scarantino is no longer in custody, and the government assumes for present purposes that he continues to suffer consequences from his conviction. However, Scarantino clearly fails to satisfy at least the third and fourth requirements for coram nobis relief.

First, Scarantino has not established (and cannot establish) a "sound reason" for failing to seek relief earlier. The "sound reason" standard, although "permit[ting] some flexibility," is not "easy to meet." *De Castro*, 49 F.4th at 843. As applied by the Third Circuit, the standard "is even stricter than that used to evaluate § 2255 [motions]." *Id.* (quotation marks omitted).

That *Snyder* was decided many years after Scarantino pleaded guilty does not provide a "sound reason" for his failure to seek relief during that earlier time. This is because the basic claim that Scarantino advances here—that § 666 does not cover gratuities and requires a quid pro quo—was available to him long before *Snyder*.

10

*Snyder* did not overturn uniform authority across the courts of appeals. As the Supreme Court expressly noted in *Snyder*, a circuit split had existed as to whether § 666 criminalized gratuities as well as bribes, with at least two circuits holding that gratuities were not covered. *Snyder*, 603 U.S. at 11. In the Third Circuit, the status of gratuities pre-*Snyder* (and certainly at the time of Scarantino's guilty plea in 2009) appears to have been very much an open question. In a 2011 not-precedential opinion, the court noted that "[t]here is an earnest circuit split on whether § 666 does or does not require proof of a quid pro quo" and that "[t]here is no Supreme Court or Third Circuit precedent on the point." *United States v. Beldini*, 443 F. App'x 709, 717 (3d Cir. 2011) (not precedential).

Thus, Scarantino's current claim was available pre-*Snyder*, and he offers no reason to justify his failure to pursue it sooner. *See Ragbir*, 950 F.3d at 65 ("[W]e have rejected the notion that ambiguity in the law justifies a delay in filing a coram nobis petition. What matters is whether a claim can be reasonably raised.") (cleaned up).

In *United States v. De Castro*, the Third Circuit addressed a coram nobis petition based on *Rehaif v. United States*, 588 U.S. 225 (2019), in

11

which the Supreme Court "held that under [18 U.S.C.] § 922(g), an illegal alien in possession of a firearm must be found to have had knowledge he was an illegal alien at the time of his arrest."  49 F.4th at 840.  In addressing the two years that passed between De Castro's plea hearing and *Rehaif*, the court noted that "[b]efore *Rehaif*, every single Court of Appeals to address the question had held that § 922(g) did not require the government to prove the immigrant knew he was in the United States illegally at the time of his arrest."  *Id.* at 845 (quotation marks omitted).  The court therefore recognized that if the "sound reason" element for coram nobis relief could be satisfied "where the argument would require the upending of unanimous lower court authority, we would struggle to find an example better than *Rehaif*."  *Id.*  The court nonetheless held that De Castro failed to satisfy that element, holding that "De Castro's reference to [a] 'wall of precedent' is no excuse for his failure to preserve a *Rehaif* argument."  *Id.* at 846.  As explained above, Scarantino faced no comparable wall of precedent at the time of his plea.  Therefore, any assertion by him of a "sound reason" justifying his delay would necessarily be even weaker than that advanced by De Castro (and rejected by the Third Circuit).

12

Scarantino's failure to establish a "sound reason" for his delay, by itself, requires the denial of his petition. However, for similar reasons, Scarantino also cannot show that he had no available remedy at the time of his guilty plea.

*De Castro* again controls. The court there explained: "Because we hold that De Castro's knowledge-of-immigration-status argument was not futile in 2017—the time of De Castro's plea deal—and he had no sound reason for delay in raising the issue—like others such as Rehaif—we also hold there was a remedy available to De Castro at that time." *De Castro*, 49 F.4th at 846. Scarantino's petition should be denied for failing to satisfy the "no available remedy" element as well.

Importantly, that Scarantino cannot satisfy the Third Circuit's exacting test for coram nobis relief should not be confused with a argument by Scarantino that his claim is not redressable by coram nobis relief. Coram nobis relief is *available* to Scarantino. Coram nobis is just *unavailing* to him for the reasons noted above. And because coram nobis is an available, albeit unavailing, avenue of relief, audita querela is not. *See Cradle,* 290 F.3d at 538 (explaining that in determining whether a particular category of post-conviction relief is

13

unavailable to a litigant that "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative"); *see also Massey*, 581 F.3d at 174 ("Massey may not seek relief through a petition for a writ of audita querela on the basis of the inability to satisfy the requirements . . . for filing a second or successive § 2255 motion to vacate sentence").

This Court should deny Scarantino's petition for a writ of audita querela.

## CONCLUSION

The Court should deny Scarantino's petition for audita querela relief.

January 21, 2026                              Respectfully submitted,

                                                          BRIAN D. MILLER
                                                          United States Attorney

                                                          <u>/s/ Jeffery St John</u>
                                                          Jeffery St John
                                                          Assistant U.S. Attorney
                                                          235 North Washington Ave.
                                                          Scranton, PA  18503
                                                          Tel:  (570) 348-2800
                                                          jeffery.st.john@usdoj.gov

## **CERTIFICATE OF COMPLIANCE**

I certify that this brief complies with Local Rule 7.8(b)(2) because it contains 2,471 words.

/s/ Jeffery St John
Jeffery St John
Assistant U.S. Attorney

## **CERTIFICATE OF SERVICE**

I certify that on January 21, 2026, I served the foregoing document by electronic service on the following individuals:

Patrick A. Casey, Esquire
pcasey@mbklaw.com

/s/ Jeffery St John
Jeffery St John
Assistant U.S. Attorney
